# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
ROBIN MORRISON,                  *   No. 22-609V
                                 *
          Petitioner,            *
                                 *
                                 *   Special Master Christian J. Moran
v.                               *
                                 *   Filed: March 14, 2025
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
          Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

**ORDER**

<u>Sean Franks Greenwood</u>, The Greenwood Law Firm, Houston, TX, for petitioner;
<u>Madylan Louise Yarc</u>, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION[1]**

      Petitioner, Robin Morrison, sought compensation through the Vaccine Program. 42 U.S.C. § 300aa-10 through 34. Ms. Morrison, however, has not presented sufficient evidence to be entitled to compensation. Because Ms. Morrison has not met her burden of proof, her case is DISMISSED.

**Procedural History**

      Petitioner filed her petition on June 3, 2022. Petitioner stated that, after receiving a varicella vaccine on June 3, 2019, she experienced an allergic reaction and was diagnosed with herpes zoster and, later, systemic lupus erythematosus ("SLE"). Pet. at 1. Petitioner claimed

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

that the vaccine was the cause in fact of her allergic reaction, herpes zoster, and SLE, and that the symptoms continued for more than six months. Pet. at 5-6.

Petitioner filed her medical records over the next 18 months. The case was then reassigned to the undersigned special master on February 7, 2024. Petitioner moved for interim attorneys' fees and costs on March 14, 2024. Respondent filed a response on March 27, 2024. Respondent was "not yet satisfied that the statutory requirements for an aware of interim attorneys' fees and costs" had been met, specifically questioning whether petitioner had a reasonable basis for her claim. Interim Fees Resp. at 5. Respondent argued that petitioner had not preponderantly proven that she had SLE or any other autoimmune disease and that she did not meet the six-month severity requirement for varicella. Id. at 5-11.

Respondent repeated these points in his Rule 4(c) Report, also filed March 27, 2024. Respondent again argued that petitioner had not preponderantly proven that she suffers from SLE, noting that although she received various diagnoses and treatments in the months and years following her vaccination, her treating immunologist never diagnosed her with SLE or any other autoimmune condition. Resp't's Rep. at 16-20. Respondent also contended that petitioner's Varicella "more likely than not resolved by July of 2019," and therefore she would not satisfy the six-month severity requirement. Id. at 20-21.

Petitioner filed a reply regarding her motion for interim fees and costs on April 3, 2024. Petitioner argued that she had reasonable basis for her claim, highlighting discrepancies in medical records and her treaters' concerns for SLE. Interim Fees Reply at 4-8. Petitioner noted that she had not yet had an opportunity to consult with an expert to opine on vaccine causation, SLE, and her changes in health. She asked that she be awarded interim fees and afforded the opportunity to retain an expert. Id. at 9-10.

A status conference was held on April 16, 2024. Petitioner stated that she would not be pursuing a claim for varicella, but maintained that she had reasonable basis for her lupus claim, as her symptoms matched the symptoms of SLE and arose within a couple weeks of her vaccination. Further, petitioner stated that although her treating doctors had not formally diagnosed her with SLE, they expressed concern for SLE and prescribed hydroxychloroquine, which is used to treat SLE. Petitioner also argued that the Workers' Compensation physicians who ruled out SLE and vaccine causation were not qualified to opine on the matter. Finally, petitioner noted that she had an appointment with a rheumatologist at the end of the month, and that she would determine whether she would continue pursuing her lupus claim after this appointment. See Order, issued April 16, 2024.

Petitioner filed an amended petition on May 31, 2024, pursuing only a claim for SLE. After reviewing petitioner's records, her expert witness requested additional information from petitioner's rheumatologist, Dr. Chimata. Pet'r's Status Rep., filed July 22, 2024. Petitioner submitted questions to Dr. Chimata, and after several attempts, received a response. Petitioner's counsel then moved to withdraw, stating that "Dr. Chimata denies Petitioner is diagnosed or meets the criteria to be diagnosed with SLE." Mot. to Withdraw, filed Dec. 5, 2024 at 2.

2

An order issued on December 11, 2024, directing counsel to file proof that he had served both the December 11 order and the motion to withdraw on petitioner via certified mail with return receipt. Petitioner was given until January 28, 2025 to file a response to the motion. Meanwhile, counsel filed the written response from Dr. Chimata, concluding that "for now we have insufficient clinical criteria for Systemic Lupus." Exhibit 26.

Counsel filed an affidavit from his chief paralegal on December 17, 2025 with the certified mail and return receipt information for service of the December 5, 2024 motion and the December 11, 2024 order. After petitioner did not file a response, an Order to Show Cause issued on February 7, 2025. Petitioner was invited to submit any additional evidence, and was ordered to attend a status conference with counsel. Counsel filed proof of service of the order on February 11, 2025.

The status conference was held on March 12, 2025. Ms. Morrison and counsel for both parties attended. Ms. Morrison expressed that was unable to find alternate counsel and that she did not want to continue her case pro se. She understood that her case would be dismissed. See Order, issued Mar. 12, 2025. The case is ready for adjudication.

**Discussion**

To receive compensation under the National Childhood Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of her vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. See 42 U.S.C. § 300aa–13(a)(1)(A) and § 300aa–11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Thus, petitioner is necessarily pursuing a causation-in-fact claim. As part of a causation-in-fact claim, a petitioner must "show by preponderant evidence that the vaccination brought about [the] injury by providing: (1) a medical theory causally connecting the vaccination and injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury." Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. 42 U.S.C. § 300aa–13(a)(1). In this case, because the medical records do not support petitioner's claim, a medical opinion must be offered in support. Petitioner was unable to find a supportive expert.

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, petitioner did not retain an expert to support her claim that the vaccine caused her condition, or that she had been diagnosed with the condition she alleged. Therefore, there is insufficient evidence to support a finding of vaccine-causation.

In sum, petitioner has not met her burden of proof. Consequently, petitioner's case is dismissed for failure to present evidence, not as a sanction. See Duncan v. Sec'y of Health & Hum. Servs., 153 Fed. Cl. 642 (2021) (denying motion for review of a decision for failure to present persuasive evidence).

**Accordingly, this case is dismissed for insufficient evidence. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master
